J-S41032-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
:
v. :
:
:
:
PAUL PARKER :
:
Appellant : No. 1098 EDA 2025

Appeal from the PCRA Order Entered April 4, 2025
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0410451-1994

BEFORE: BOWES, J., BECK, J., and FORD ELLIOTT, P.J.E.*

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED DECEMBER 23, 2025**

Paul Parker appeals *pro se* from the order dismissing, as untimely, his serial petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. After thorough review, we conclude that, despite the jurisdictional necessity to do so, Parker has failed to plead and prove an exception to the PCRA's time bar. Consequently, we affirm.

As stated by a prior panel of this Court, which involved affirming the dismissal of his fifth PCRA petition:

> On February 6, 1995, [Parker] entered a guilty plea to first-degree murder, robbery, burglary, and possessing an instrument of crime (PIC). The trial court sentenced him that same day to a mandatory term of life imprisonment without the possibility of parole for first-degree murder, and to consecutive terms of 5-10 and 2½-5 years' incarceration for robbery and PIC, respectively. [Parker] did not file a direct appeal from his judgment of sentence.

───────────────────────────────

* Retired Senior Judge assigned to the Superior Court.

[Parker] subsequently filed four PCRA petitions . . . on December 8, 2005 (First Petition), January 3, 2007 (Second Petition), June 5, 2012 (Third Petition), and March 22, 2016 (Fourth Petition). The PCRA court denied the First Petition as untimely on September 13, 2006, and [Parker] did not file an appeal from that decision. The Second Petition successfully sought to reinstate his appellate rights from the denial of the First Petition; however, [Parker] discontinued his subsequently filed *nunc pro tunc* appeal on May 16, 2007. The PCRA court denied the Third Petition as untimely on July 23, 2013. This Court affirmed that order, and our Supreme Court denied further review. **Commonwealth v. Parker**, 105 A.3d 36 (Pa. Super. 2014) (unpublished memorandum) [(2100 EDA 2013)], **appeal denied**, 105 A.3d 736 (Pa. 2014) [(table) (365 EAL 214)]. The PCRA court denied the Fourth Petition on August 17, 2017, and [Parker] did not appeal. All of these prior PCRA petitions were filed *pro se* by [Parker].

On July 9, 2018, [Parker] filed . . . his fifth petition overall (albeit his first counseled PCRA petition to date).

**Commonwealth v. Parker**, 2020 WL 755044 at *1 (Pa. Super., filed Feb. 14, 2020) (unpublished memorandum) (1105 EDA 2019). Ultimately, this Court determined that Parker's fifth petition was untimely and did not satisfy any of the PCRA's timeliness exceptions, rendering both the PCRA court and this Court without jurisdiction to review the substance of his claims asserted therein. **See id.** at *4.

Parker's present post-conviction petition, his sixth, was filed on April 12, 2023. In this filing, he asserts that he recently found out about "misconduct" perpetrated by former Philadelphia Police Detective David Baker on Steven Lazar, who had successfully sought *habeas* relief predicated on, in part, Detective Baker's police-related actions. **See** Sixth PCRA Petition, 4/12/23, at 3-4.

On February 21, 2025, the PCRA court issued notice pursuant to Pennsylvania Rule of Criminal Procedure 907 regarding its intent to dismiss Parker's sixth PCRA petition. Said notice indicated that this petition failed to raise an exception to the PCRA's time bar because it exclusively relied on information that had no connection, whatsoever, to Parker's own convictions. Parker filed a response to the court's Rule 907 notice. In that response, Parker attempted to tether Detective Baker's apparent transgressions to discrete components of his own case. On April 4, 2025, the court dismissed Parker's sixth petition as untimely. Parker timely appealed from this decision.

On appeal, Parker presents the following five questions for our review:

1. Did the PCRA court err in concluding that the after-discovered evidence of Detective Baker's pattern and practice of misconduct would not be likely to result in a different outcome if a new trial were granted?

2. With respect to his due process claim under **Brady v. Maryland**, 373 U.S. 83 (1963), did the PCRA court err in concluding that there would have been no reasonable probability of a different outcome at the proceedings had defense counsel been provided with evidence of Detective Baker's misconduct and had the opportunity to present it?

3. Did the PCRA court err in concluding that the Commonwealth's actions during proceedings did not violate due process under **Napue v. Illinois**, 360 U.S. 264, 269 (1959), where the Commonwealth presented false evidence through Marthina Bey's police statement? **See also Glossip v[.] Oklahoma**, [604 U.S. 226 (2025).]

4. Whether [his] 5th and 6th Amendment right[s] to effective assistance of counsel w[ere] violated under **Commonwealth v. Hickman**, 799 A.2d 136[ ](Pa. Super. 2002)[,] when counsel misadvised him about the life sentence and interfered in the right to make choices that were reserved to [him]?

5. Whether [he] was denied due process of the law and equal protection guaranteed by the 14th Amendment?

Appellant's Brief at 4 (suggested answers omitted).

"We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is free of legal error." *Commonwealth v. Kelsey*, 206 A.3d 1135, 1139 (Pa. Super. 2019). However, before we can review the issues raised on appeal, we must determine whether Parker's petition satisfies our jurisdictional requirements. *See Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (establishing that "we must first consider the timeliness of [an a]ppellant's PCRA petition because it implicates the jurisdiction of this Court and the PCRA court"). "Our law is clear that the PCRA's time restrictions are jurisdictional in nature, and '[i]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.'" *Commonwealth v. Anderson*, 234 A.3d 735, 737 (Pa. Super. 2020) (brackets in original), *quoting Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010) (citation omitted).

All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment [of sentence] becomes final" unless an exception that could excuse untimeliness applies. 42 Pa.C.S. § 9545(b)(1). Parker was sentenced in 1995, and he pursued no direct review

of his case, rendering his judgment of sentence final for decades. Therefore, his sixth petition, filed in 2023, is patently untimely, and he was required to plead and prove the applicability of one of three statutory exceptions that are found at 42 Pa.C.S. § 9545(b)(1)(i)-(iii).[1]

Parker's brief contains precisely *one sentence* that alludes to, but does not state with any particularity, the existence of the PCRA's time bar. **See** Appellant's Brief at 8 ("The newly discovered facts of evidence of Detective Baker's recognized pattern and practice of eliciting false witness statements

_____

[1] Those three exceptions require a petitioner to plead and prove that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Here, although his petition only indicates that he is attempting to avail himself of subsection (ii), Parker's actual arguments, as best can be discerned, straddle the line between subsections (i) and (ii): he alleges that he recently found out about Detective Baker's "pattern and practice" of wrongdoings – "newly discovered facts," but that, also, Detective Baker, in 1994, forged a witness statement that was vital to the Commonwealth's case against him – "government interference." **See, e.g.**, Appellant's Brief at 8-9.

constitutes after-discovered evidence and a new trial should be granted.").
The rest of his brief is dedicated to substantive claims, notwithstanding the
PCRA court's dismissal on time-bar grounds.

> Conversely, the court wrote as follows:
>
> In support of his contention, [Parker] submits the opinion in
> **Steven Lazar v. The Attorney General of the State of
> Pennsylvania, et. al.**, 659 F.Supp.3d 599[ ] (E.D.Pa., [ ]2023),
> which reviews the testimony of Detective Baker in that case, as
> well as a copy of both a typed and handwritten interview record
> by Detective Baker of Martha Everette-Bey in his own case.
> Neither of these submissions provides any evidence of any
> misconduct or impropriety, either in general or specifically, by
> Detective Baker in [Parker's] case. General allegations regarding
> misconduct are not sufficient to overcome the time bar. **See,
> Commonwealth v. Reeves**, 296 A.3d 1228 [(Pa. Super. 2023)]
> ([p]etitioner's general statements obtained from newspaper
> articles about police misconduct in other cases committed by
> detectives in his case do not meet the requirements for either the
> newly[-]discovered fact or governmental interference exceptions
> to the PCRA time bar); **see also, Commonwealth v. Myers**, 303
> A.3d 118 (Pa.[ ]Super. 2023) ([n]ewly-discovered-facts exception
> to one-year time bar for filing a petition for post-conviction relief
> did not apply to petitioner's PCRA petition, since there was no
> causal connection between judge's misconduct and entry of
> petitioner's guilty plea; fact that petitioner's co-defendant
> received a shorter sentence did not make judge's misconduct any
> more relevant).

PCRA Court Opinion, 4/4/25, at 2-3 (unpaginated).

Simply put, Parker's appellate brief fails to demonstrate the necessary
jurisdiction for this Court to review the claims he has raised in his sixth PCRA
petition, much less the additional claims he appears to have added that were
not brought before the PCRA court. Without *any* argument evidencing his

satisfaction of at least one of the PCRA's time-bar exceptions[2], Parker has inherently failed to demonstrate that the court committed an abuse of discretion or error of law in reaching its conclusion that dismissal of his untimely petition on jurisdictional grounds was warranted. Accordingly, we affirm the dismissal of his sixth PCRA petition for lack of jurisdiction.[3]

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/23/2025

_____

[2] None of the submissions appended to his sixth PCRA petition, or any subsequent filing Parker has made since, are self-proving of a time-bar exception.

[3] We additionally agree with the PCRA court that alleged police officer misconduct that is unrelated to Parker's own case does not constitute a newly-discovered fact within the meaning of the relevant PCRA's time-bar exception. *See Reeves*, 296 A.3d at 1233.